1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON, | Case No.  1:23-cv-00241-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| TRINH, *et al.*, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (ECF No. 3) |
| Defendants. | |
| | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (ECF No. 3) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Phillip Joseph Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

Currently before the Court are Plaintiff's motion to appoint counsel and motion for a preliminary injunction and temporary restraining order, filed February 17, 2023.  (ECF No. 3.)

**I.     Motion to Appoint Counsel**

In his motion, Plaintiff states that he is currently indigent, and therefore moves the Court for appointment of counsel to represent him.  (ECF No. 3, pp. 1–3.)  Plaintiff argues that a

1

1    "compelling and meritorious" need for counsel is too high a standard.  (*Id.*)

2         Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

3    *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

4    n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

5    U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298

6    (1989).  However, in certain exceptional circumstances the court may request the voluntary

7    assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

8         Without a reasonable method of securing and compensating counsel, the Court will seek

9    volunteer counsel only in the most serious and exceptional cases.  In determining whether

10   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

11   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

12   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

13        The Court has considered Plaintiff's motion for the appointment of counsel, but does not

14   find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed

15   in the law and that he has made serious allegations which, if proved, would entitle him to relief,

16   his case is not exceptional.  This Court is faced with similar cases filed by prisoners proceeding

17   *pro se* and *in forma pauperis* almost daily.  These prisoners also must prosecute claims without

18   the assistance of counsel.

19        Furthermore, at this stage in the proceedings, the Court cannot make a determination that

20   Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not been screened.  Thus, the

21   case does not yet proceed on any cognizable claims. Also, based on a review of the limited record

22   in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

23   **II.      Motion for Preliminary Injunction and Temporary Restraining Order**

24        In addition to the motion for appointment of counsel, Plaintiff filed an "Order to Show

25   Cause for an Preliminary Injunction & a Temporary Restraining Order," which the Court

26   construes as a motion for preliminary injunction and temporary restraining order.  (ECF No. 3,

27   pp. 4–5.)

28   ///

1    Plaintiff appears to seek an order enjoining the defendants, their successors in office,

2  agents, and employees, and all other persons acting in concert and participation with them, from

3  placing Plaintiff back at PVSP, and to take Plaintiff off of the EOP level of care and place him

4  back to the CCCMS level of care.  Plaintiff then requests that he can remain back at PVSP due to

5  his level of care status with mental health.  Plaintiff requests that the Court order that defendants

6  and their agents be restrained from transferring Plaintiff to any other CDCR prison in California,

7  and if Plaintiff was already transferred, to return him.  (*Id.*)

8    **A.    Legal Standard**

9    "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

10  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

11  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

12  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

13  favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction

14  may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

15  omitted).

16    Federal courts are courts of limited jurisdiction and in considering a request for

17  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

18  have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

19  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

20  464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

21  power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18

22  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

23  the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

24  of the Federal right, and is the least intrusive means necessary to correct the violation of the

25  Federal right."

26    Furthermore, the pendency of this action does not give the Court jurisdiction over prison

27  officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

28  *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

1   in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555

2   U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

3   **B.     Discussion**

4   Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The

5   Court is required to screen complaints brought by prisoners seeking relief against a governmental

6   entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

7   complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

8   state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

9   who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

10   As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has

11   shown a likelihood of success on the merits.  In addition, no defendant has been ordered served,

12   and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal

13   jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR

14   institution, and it cannot issue an order requiring them to take, or forbid them from taking, any

15   action.

16   Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the

17   absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in

18   the public interest.

19   Plaintiff's complaint will be screened in due course.

20   **III.     Conclusion and Recommendation**

21   Accordingly, the Court HEREBY ORDERS that:

22   1.   The Clerk of the Court randomly assign a District Judge to this action; and

23   2.   Plaintiff's motion for appointment of counsel, (ECF No. 3), is DENIED without

24       prejudice.

25   Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

26   injunction and temporary restraining order, (ECF No. 3), be DENIED.

27   These Findings and Recommendation will be submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

1    **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

2    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

3    Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

4    specified time may result in the waiver of the "right to challenge the magistrate's factual

5    findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

6    *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

7

     IT IS SO ORDERED.

8

9        Dated:    **February 21, 2023**              /s/ *Barbara A. McAuliffe*       _

10                                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28