1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON, | Case No.  1:23-cv-00241-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COURT ORDER |
| v. | |
| TRINH, *et al.*, | (ECF No. 17) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Phillip Joseph Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

## I.     Procedural Background

On February 17, 2023, Plaintiff filed a motion to appoint counsel and a motion for a preliminary injunction and temporary restraining order seeking relief related to his mental health level of care and preventing his transfer to another institution.  (ECF No. 3.)  The Court issued an order denying the motion for counsel, without prejudice, and findings and recommendations that Plaintiff's motion for preliminary injunction and temporary restraining order be denied.  (ECF No. 10.)  Since that time, Plaintiff was transferred to a new institution, and the Court extended the deadline for the filing of any objections to the findings and recommendations until April 11, 2023, due to Plaintiff's lack of access to his legal property after his transfer.  (ECF No. 14.)

1

**II.      Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion requesting a court order for California Men's Colony ("CMC") to produce his case documents from the inmate property room and to allow him access to any legal materials at the prison law library, filed March 13, 2023.  (ECF No. 17.)  The Court construes the motion as a motion for preliminary injunction.

In his motion, Plaintiff explains that since his transfer to CMC, he has been unable to obtain his property from the property room despite notifying staff of his ongoing legal action.  (*Id.*)  As Plaintiff believes he will miss the deadline to file objections to the prior findings and recommendations, Plaintiff requests that the Court order CMC staff and personnel to bring Plaintiff's current civil case paperwork and all legal books and materials to his cell, allow Plaintiff to communicate with the Courts by allowing him access to his legal paperwork, and to allow Plaintiff to access the law library as much as seven hours per week until his case is resolved.  (*Id.*)

**A.      Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

### B.    Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. The Court notes that the deadline for Plaintiff to file his objections to the February 21, 2023 findings and recommendations has been extended to **April 11, 2023**, and if Plaintiff continues to experience difficulties accessing his legal property, he may file a motion explaining his situation and ask the Court for a further extension of this deadline. However, filing a further motion seeking a court order against various prison officials to grant him access to his

property or to the law library is not the appropriate avenue for the relief Plaintiff seeks.

Plaintiff's complaint will be screened in due course.

**III.     Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 17), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**March 15, 2023**__                    _____/s/ *Barbara A. McAuliffe*_____
                                                                        UNITED STATES MAGISTRATE JUDGE

4