# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRINH, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-00241-JLT-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 26) |

　　　　Plaintiff Phillip Joseph Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 24, 2023, the Court granted Plaintiff's motion for leave to file an amended complaint to include additional defendants to the original complaint. (ECF Nos. 21, 22.)

　　　　On May 8, 2023, Plaintiff filed a motion to appoint counsel, a renewed motion to proceed *in forma pauperis*, a notice of change of address, and a first amended complaint. (ECF Nos. 26–30.)

　　　　Plaintiff's motion to proceed *in forma pauperis* is unnecessary, as Plaintiff has already been granted leave to proceed *in forma pauperis* in this action. (ECF No. 8.) Plaintiff's first amended complaint will be screened in due course.

　　　　In his motion to appoint counsel, Plaintiff states that he is currently indigent and therefore moves for appointment of counsel to represent him in this matter. (ECF No. 26.) Plaintiff

1

provides what he believes are the relevant legal standards for appointment of counsel, but otherwise does not explain why counsel is warranted in this particular action, under his particular circumstances.

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding *pro se* and with limited funds. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's first amended complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

The Court notes that Plaintiff's motion also includes summonses for the named defendants in this action. (ECF No. 26, p. 4.) To the extent Plaintiff is requesting service of summons and the first amended complaint on these defendants, the request is denied as premature. If the Court

finds that the first amended complaint states cognizable claims against any defendants, the Court will direct service on the appropriate defendants and instruct Plaintiff if any further action needs to be taken.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 26), is HEREBY DENIED, without prejudice.  Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: __May 10, 2023__            /s/ *Barbara A. McAuliffe*          
                                 UNITED STATES MAGISTRATE JUDGE