# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRINH, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00241-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 34)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Phillip Joseph Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint, filed July 17, 2023, is currently before the Court for screening. (ECF No. 34.)

**I.     Screening Requirement and Standard**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**[1]

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California and during transport to PVSP.  Plaintiff names the following defendants, all employed at PVSP: (1) Boa Trinh, Chief of Mental Health; (2) Nicolesha Reed, Supervisor and Social Worker; (3) Young Lee, Psychologist; (4) Duran Orozco, Social Worker; and (5) Rojas, Registered Nurse.

Plaintiff alleges as follows:

<u>Claim One</u>

Plaintiff was transferred from CCI to PVSP.  When Plaintiff got to R&R at PVSP, he was hungry and lethargic.  Plaintiff spoke to Defendant Nurse Rojas and said he was hungry and had not eaten any breakfast or dinner during the 2-day ride from CCI to PVSP.  Then, about 4 officers

---

[1] The Court notes that Plaintiff separately filed a declaration on July 11, 2023, setting forth allegations similar to those contained in the second amended complaint. (ECF No. 33.) Plaintiff was advised in the Court's June 28, 2023, screening order that his amended complaint must be "complete in itself," without referencing other versions of pleadings. (ECF No. 32, pp. 8–9 (citing Local Rule 220).) As the allegations in Plaintiff's declaration are not included in his second amended complaint, they are not considered here. However, in an abundance of caution, the Court has reviewed those allegations and determined that they do not alter the findings and recommendations below.

approached Plaintiff's holding cell and the C/Os claimed Plaintiff had a doctor's visit when Plaintiff did not have any scheduled appointments. Plaintiff was taken by the officers to speak with Defendant Duran Orozco. Defendants Rojas and Orozco said Plaintiff had made "threats" towards the C/Os, when Plaintiff never spoke with any C/Os.

Plaintiff was not fed and instead was placed on suicide watch for 3.5 hours. Defendant Orozco had the C/Os forcibly put Plaintiff in shackles in an extremely small cell for 3.5 hours with no food. Plaintiff alleges that Defendants lied about him needing to be put on suicide watch, just because he was hungry. After the 3.5 hours, Plaintiff was transferred to CMC State Prison, and because of his transfer, he was not fed. This was all done out of spite, and Defendant Orozco asked Plaintiff questions about why he was in prison, determined Plaintiff was unstable and made false notes in Plaintiff's file that now affect him permanently.

Plaintiff is now in a mental hospital, all because he said he was hungry. Plaintiff was disciplined for nothing. Plaintiff is physically, emotionally, and mentally scarred and scared this will happen in the future. This occurred on January 6 and ended January 13, 2023. From CMC Plaintiff was brought back to CMC because nothing was wrong with him.

Claim Two

Plaintiff wrote to the Grievance Office with a 602 about a custody matter regarding his cell being wiretapped. The Grievance Office contacted Defendants Reed, Lee, and Trinh. Defendant Lee, Plaintiff's psychologist, said Plaintiff was "delusional" without screening Plaintiff. Defendant Lee didn't diagnose Plaintiff properly and lied again in his notes in Plaintiff's medical file. Because of this, Plaintiff was forced to transfer away from Fresno County, where some of his family lives.

Plaintiff spoke with Defendant Lee about why he lied about Plaintiff being delusional, and he said that "matters" were out of his hands because Plaintiff is not allowed to write about wiretaps in a 602-1 because it makes Plaintiff look crazy. Plaintiff explained it doesn't matter how he looks, and Defendant Lee said Plaintiff had to "hurry up" when Plaintiff speaks to him because he is trying to leave. Defendant Lee just came to Plaintiff's door and showed him a copy of the 602-1, and Plaintiff said it is his legal right under the First Amendment. Plaintiff was then

3

transferred to CMC State Prison where it is dirty in the cells and he is not allowed to have a TV due to non-cable capabilities. Plaintiff's situation worsened to the point that he was sent to a mental hospital. Plaintiff is emotionally, mentally, and physically harmed now.

Request for Relief

Plaintiff seeks nominal, compensatory, and punitive damages.

### III. Discussion

Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

#### A. Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff again fails to adequately link any named defendants to his claims regarding not being provided meals during his transport to PVSP. In addition, to the extent Plaintiff attempts to bring a claim regarding improper processing of his grievance by the Grievance Office, Plaintiff has not linked any named defendant to this claim. Finally, in the second amended complaint, Plaintiff fails to link Defendants Reed and Trinh to any constitutional violations at all, stating only that the Grievance Office contacted Reed and Trinh, along with Defendant Lee, in

connection with Plaintiff's grievance.

B. **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's second amended complaint is short, but it is not a plain statement of his claims showing he is entitled to relief. Many of Plaintiff's allegations remain conclusory, and although he has identified a general time period during which the events occurred, it is difficult to determine what order the events occurred in or who was involved. Plaintiff fails to include factual allegations identifying what happened, which Defendant was involved, and how the actions or inactions of each Defendant violated Plaintiff's rights.

C. **Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants from different institutions in a single action. Although all Defendants were employed at PVSP, Plaintiff appears

1 to raise claims involving events that occurred during his transport to PVSP and during his stay at
2 CMC State Prison. As Plaintiff was previously informed, Plaintiff may not, in a single case,
3 assert a claim related to an improper mental health diagnosis against one set of defendants while
4 simultaneously asserting a claim related to not receiving meals during or following a transport
5 against a different set of defendants. Unrelated claims involving multiple defendants belong in
6 different suits. Although Plaintiff states that not being fed is the connection between his claims, it
7 remains unclear how Plaintiff not receiving meals and the ensuing events is related to Plaintiff
8 filing a grievance regarding his cell being wiretapped and the events following thereafter.

### D. First Amendment – Grievance Process

To the extent Plaintiff attempts to raise a claim regarding the processing of his grievance regarding wiretapping of his cell and the Grievance Office contacting Defendants Reed, Lee, and Trinh about the substance of the grievance, Plaintiff fails to state a claim.

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.19 88). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).

Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances or complaints.

///
///
///

**E.     Eighth Amendment**

    1.     Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *see also Jett*, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

///

7

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a claim regarding his medical care. Plaintiff's disagreement with Defendant Lee or any other healthcare providers regarding his diagnosis, medical classification, or the manner in which they enter notes in his file are not sufficient to show deliberate indifference to serious medical needs. Furthermore, Plaintiff has not shown that any harm resulted from Defendants' actions or lack of actions. That Plaintiff was eventually sent to a mental hospital that had dirty cells and no televisions, or was transferred to an institution away from where some of his family lives, is not sufficient to demonstrate that Plaintiff suffered harm as a result of Defendants' actions.

### 2.     Conditions of Confinement

Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (9th Cir. 1989). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each alone would not suffice, but only when they have a combined effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson,* 501 U.S. at 304–05 (comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise

8

required when prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller,* 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)). Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cty. of Kern*, 45 F.3d 1310, 1315 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995), *abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment right to food was clearly established as of at least 2001. *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *Id.* at 812–13; *see, e.g.*, *id.* at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); *and id.* at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference)."The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (citing *Foster*, 554 F.3d at 813 n.2).

Plaintiff alleges that he was lethargic and was malnourished due to lack of food during his transport. However, Plaintiff does not set forth factual allegations showing that any specific defendant during the transport was subjectively aware of a serious risk to Plaintiff's health and that the defendant deliberately disregarded such risk. *See, e.g.*, *Foster,* 554 F.3d at 814. Plaintiff does not state a claim against Defendant Rojas or Orozco related to lack of food because Plaintiff does not allege that either defendant had any ability to provide him with food during or after the transport, was aware that Plaintiff was not receiving food, and deliberately disregarded a serious risk to Plaintiff's harm.

///

To the extent Plaintiff attempts to add a new claim related to his placement on suicide watch in an extremely small cell for 3.5 hours with no food, these temporary conditions are also not a sufficiently serious deprivation to state a cognizable claim under the Eighth Amendment. Plaintiff does not allege that this placement caused him any harm. Finally, this claim is not properly joined.

### F.     False Accusations

To the extent Plaintiff attempts to bring claims related to false reports that he threatened C/Os or needed to be placed on suicide watch, Plaintiff fails to state a cognizable claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

### IV.   Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 20, 2023**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE